IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| Viliphont Phetmoukda<br>　　　　　Debtor | CHAPTER 13 |
| Toyota Motor Credit Corporation<br>　　　　　Movant<br>vs. | NO. 15-17770 AMC |
| Viliphont Phetmoukda<br>　　　　　Debtor | |
| William C. Miller Esq.<br>　　　　　Trustee | 11 U.S.C. Section 362 |

## STIPULATION

AND NOW, it is hereby stipulated and agreed by and between the undersigned as follows:

1. A Motion for Relief was filed on January 16, 2018 with arrears in the amount of $467.63 for the month of September 2017 and $651.81 for the months of October 2017 through December 2017, totaling $2,423.06;

2. Three money orders payable to Toyota Financial Services totaling $2,424.00 were sent on February 10, 2018.

3. The current post-petition arrearage on the loan held by the Movant on the Debtor's vehicle is **$1,302.68**, which breaks down as follows;

| | |
|---|---|
| Post-Petition Payments: | January 2018 through February 2018 at $651.81/month |
| Suspense Balance: | ($0.94) |
| **Total Post-Petition Arrears** | **$1,302.68** |

4. The Debtor(s) shall cure said arrearages in the following manner;

　　a). Within ten (10) days of the entered Order approving this Stipulation, a payment will be made in the amount of **$800.00**;

　　b). Beginning on March 29, 2018 and continuing through August 29, 2018, until the arrearages are cured, Debtor(s) shall pay the present regular monthly payment of **$651.81** on the loan (or as adjusted pursuant to the terms of the loan) on or before the twenty-ninth (29th) day of each month plus an installment payment of **$83.78 from March 2018 to August 2018** towards the arrearages on or before the last day of each month at the address below:

**Toyota Motor Credit Corporation**
P.O. Box 9490
Cedar Rapids, Iowa 52409-9490

      c).    Maintenance of current monthly loan payments to the Movant thereafter.

5.    Should debtor(s) provide sufficient proof of payments (front & back copies of cancelled checks and/or money orders) made, but not credited, Movant shall adjust the account accordingly.

6.    In the event the payments under Section 4 above are not tendered pursuant to the terms of this stipulation, the Movant shall notify Debtor(s) and Debtor's attorney of the default in writing and the Debtors may cure said default within FIFTEEN (15) days of the date of said notice. If Debtor(s) should fail to cure the default within fifteen (15) days, the Movant may file a Certification of Default with the Court and the Court shall enter an Order granting the Movant relief from the automatic stay.

7.    The stay provided by Bankruptcy Rule 4001(a)(3) is waived.

8.    If the case is converted to Chapter 7, the Movant shall file a Certification of Default with the court and the court shall enter an order granting the Movant relief from the automatic stay.

9.    If the instant bankruptcy is terminated by either dismissal or discharge, this agreement shall be null and void, and is not binding upon the parties.

10.    The provisions of this stipulation do not constitute a waiver by the Movant of its right to seek reimbursement of any amounts not included in this stipulation, including fees and costs, due under the terms of the vehicle and applicable law.

11.    The parties agree that a facsimile signature shall be considered an original signature.

Date:    March 8, 2018                           By: */s/ Rebecca A. Solarz, Esquire*
                                                            Rebecca A. Solarz, Esquire
                                                             Attorney for Movant

Date:   3/11/18                                                 _/s/ Joshua Z. Goldblum_
                                                             Joshua Z. Goldblum, Esquire
                                                             Attorney for Debtor

Date: __3-14-18__  __/s/ Jack Miller__  *JACK MILLER*  *no objection*
William C. Miller
Chapter 13 Trustee

Approved by the Court this ____ day of _____, 2018. However, the court retains discretion regarding entry of any further order.

_____
Bankruptcy Judge
Ashely M. Chan